## THE PITT LUMBER COMPANY v. J. R. ASKEW.

### (Filed 7 March, 1923.)

**Evidence—Telephones—Conversations—Identity of Person Spoken to—Hearsay.**

> A bystander at a telephone over which another is speaking may testify as to the part of the conversation he has actually heard, in corroboration of the testimony given by the one speaking, when otherwise competent; but he may not, without personal knowledge of the fact when the conversation is denied, give substantive testimony as to the identity of the one spoken to, the same being hearsay.

APPEAL by plaintiff from *Calvert, J.,* at September Term, 1922, of PITT.

Civil action to adjust the differences between the accounts of the plaintiff and defendant.

From a verdict and judgment in favor of defendant, the plaintiff appealed, assigning errors.

*Albion Dunn for plaintiff.*
*F. G. James & Son for defendant.*

STACY, J. Plaintiff and defendant, each being indebted to the other, were unable to adjust their accounts by reason of a misunderstanding as to two items, to wit, a loading machine and a crankshaft; hence, this suit to adjust the differences. Plaintiff contends that it sold to the defendant the loading machine in question for $150, and took from him as part payment thereon a crankshaft valued at $65. The defendant contends that the loading machine, by agreement, was exchanged for his crankshaft, and that nothing further was to be paid by him to the plaintiff on account of this trade. The jury accepted the defendant's view of the matter.

The defendant testified that he made the bargain, with respect to the loading machine and the crankshaft, with Mr. Cobb, president of plaintiff company, and that the trade was consummated in a conversation had with him over the telephone. This is denied by Mr. Cobb, who states that he never had any conversation with the defendant over the telephone at all, but that the matter was discussed by them on the train, and that the defendant agreed to pay $150 for the loading machine, less $65, which was to be allowed him for his crankshaft.

Over the plaintiff's objection, the defendant's son, Jerry Askew, was permitted to testify as follows: "I was in the office at the mill at the time of this telephone conversation between my father and Mr. Cobb. I heard my father call Mr. Cobb's name. He was talking to him first

about some wire, and somebody brought up the conversation about the loading machine. My father told him he did not want to buy it; that it was not worth $150; then he said something about the crankshaft."

Here, it will be observed, the witness undertakes to testify to a telephone conversation between his father and Mr. Cobb. He did not know whether Mr. Cobb was at the other end of the line or not. This he could have known only from hearsay, or as a conclusion from what he heard his father say. Cobb denies that any such conversation took place at all. Later the witness testifies, "somebody brought up the conversation about the loading machine." By "somebody" he meant Mr. Cobb or his father. But the witness was not in position to hear what was said by the other party over the telephone, nor did he have any personal knowledge as to the identity of the other party to the alleged conversation, or that there was any other party, or, if there were, that he heard what his father said. We think the witness was permitted to go too far in his testimony. Possibly the incompetent part of his evidence would have been harmless if only the substance and not the fact of the alleged conversation had been denied by the plaintiff.

Declarations made by the defendant over the telephone and in the presence of others cannot be regarded as incompetent simply because the witnesses did not know of their own personal knowledge that the other party to the alleged conversation was the plaintiff's agent, or that there was any other party, or that such alleged party or the plaintiff's agent heard what was said. *McCarthy v. Peach,* 186 Mass., 67. If the alleged conversation took place, as the defendant testified that it did, then what the defendant said was admissible as a part of it. "A telephone conversation between the parties, and upon the subject-matter of the litigation, having been testified to by one of the parties, may also be testified to by a bystander, so far as he heard it." *Kent v. Cobb,* 133 Pac. (Colo.), 424. See, also, 1 R. C. L., 477. Whether the alleged conversation did take place or was fictitious was a question of fact for the jury. *Miles v. Andrews,* 153 Ill., 262, note 1, Ann. Cas., 802. But Jerry Askew should have been confined to what he heard his father say, and not allowed to testify that the conversation was with Mr. Cobb, or that "somebody" brought up the conversation about the loading machine.

For the error, as indicated, a new trial must be awarded; and it is so ordered.

New trial.