A. T. GRIFFIN MANUFACTURING COMPANY v. T. B. BRAY ET AL.

(Filed 16 March, 1927.)

1. **Evidence—Telephone Conversations—Principal and Agent—Representations.**

In order to bind an alleged partnership for a contract of purchase made by a supposed copartner by telephone, it is necessary to identify by the voice of the party speaking and representing himself to be a member of the firm, when sole reliance is made thereon; and evidence that the witness was uncertain thereof, but that the speaker representing himself as such, is alone insufficient to take the case to the jury.

2. **Mechanics' Liens—Liens—Municipal Corporations—Contracts—Principal and Agent—Evidence.**

A material furnisher to a subcontractor, who has used the material in the construction of a public school building, can acquire no lien on the building, and where the contractor has been found by the verdict of the jury not to be liable, the materialman cannot recover the amount withheld by the school board in settlement with the contractor on account of the pendency of the litigation, on the ground that the material was so used.

CIVIL ACTION, before *Cranmer, J.,* at August Term, 1926, of CHATHAM.

The plaintiff sold material for a public school building in Siler City. The defendant, T. B. Bray, and others compose the board of education of Chatham County, and the defendant, C. N. Bray, is chairman of the board of school trustees of Siler City.

The evidence tended to show that the material was shipped to the North State Covering Company and not to the contractors, Hancock & Davis, but the contention of the plaintiff was that E. F. Eure, who was trading as the North State Covering Company, bought the material as agent for the contractors, Hancock & Davis. The agency of Eure was denied by the contractors. The evidence further showed that the school board retained in its possession the sum of $1,350.32, which was the balance due on plaintiff's claim.

The following issue was submitted to the jury:

What sum, if any, are the defendants, Hancock & Davis, indebted to the plaintiff, A. T. Griffin Manufacturing Company?

The jury answered the issue, No.

Judgment was thereupon entered in favor of the defendant, and the plaintiff appealed.

*Siler & Barber and Dickinson & Freeman for plaintiff.*
*C. R. Wheatly, and Ruark & Fletcher for defendants.*

BROGDEN, J.   What is the law with respect to the admissibility and competency of telephone conversations?

The question of law raised by the record is based upon the following excerpt from the record:

"In regard to the telephone conversation with Hancock & Davis about some of this material, go ahead and state what happened?"

(A). "I had a phone call, and a gentleman that said it was Mr. Davis, and whose voice I had no right to doubt, said to ship him"—the defendants, Hancock and Davis objected on the ground that the witness had not qualified as being familiar with Mr. Davis' voice, whereupon the witness, upon being further questioned, stated—"I think I had met Mr. Davis the first time in May of that year, and I had heard him talk quite a bit.   I would not say that I would know his voice over the telephone.   Whoever it was at the other end of the phone said he was Mr. Davis, and he further identified himself by saying that he was of the firm of Hancock & Davis.   There was nothing about his voice that ·led me to believe that it was any other person than Mr. Davis and I think it was he."

"The courts of justice recognize the useful intercommunication in modern life of the telephone.   They are now installed in almost every home and place of business.   They have become a necessity, as a medium to the conduct of business."   *Clarkson, J.,* in *Sanders v. Griffin,* 191 N. C., 450.   Dean Wigmore in his Treatise on Evidence, 2 ed., sec. 2155, declares: "It is generally conceded that a person may be recognized and identified by his voice if the hearer is acquainted with the speaker's voice. . . .   No one has even contended that, if the *person first calling up* is the very one to be identified, his mere purporting to be A is sufficient, any more than the mere purporting signature of A to a letter would be sufficient."

The same principle is declared in *Atlantic Coast Realty Co. v. Robertson, Exrs.,* 135 Va., 247, as follows: "So far as the rule has been formulated, it is that they are (telephone conversations) governed by the same general rules of evidence which govern the admission of oral statements made in original conversations, except, of course, *that the party against whom the conversation is sought to be used must be identified;* but the identity of the other party to the conversation may be established either by direct or circumstantial evidence."   *Lumber Co. v. Askew,* 185 N. C., 87.

The whole question, therefore, resolves itself into the inquiry as to whether or not there was sufficient identity of Mr. Davis to render the conversation competent and admissible as against him.

The plaintiff testified: "I could not say that I would know his voice over the telephone.   Whoever it was at the other end of the phone said

he was Mr. Davis, and he further identified himself by saying that he was of the firm of Hancock & Davis."

We are of the opinion that the evidence was inadmissible and properly excluded from consideration by the jury, for the reason that there was not such identity of the party charged with liability as contemplated by law.

The plaintiff contends, however, that the contractors, Hancock & Davis, should be held liable at all events, because the material was actually used in the building. The record does not disclose that any surety bond was given for the performance of the contract as required by C. S., 2445 and amendments thereto. Under the decisions of this Court no lien could be acquired upon the school building, and, as no bond was given, the plaintiff's remedy is against the contractors, Hancock & Davis, or E. F. Eure, trading as North State Covering Company, to whom the material was sold. *Warner v. Halyburton,* 187 N. C., 414; *Noland v. Trustees,* 190 N. C., 250; *Robinson Mfg. Co. v. Blalock,* 192 N. C., 407.

The liability of Hancock & Davis, the contractors, was submitted to the jury and the jury has answered the issue against the plaintiff. Eure, trading as North State Covering Company, was not a party to the action, and we discover no error in the trial of the cause.

No error.