STATE v. RAEFORD BURLESON, RADFORD DENNIS AND JIM JOLLY.

(Filed 4 December, 1929.)

**1. Criminal Law G d—Testimony of telephone conversation held competent under the facts of this case.**

Where a defendant in a criminal action depends upon proving an alibi by showing by his witness that at the time the offense was committed that he was at her house in a different place, and, in contradiction of the testimony of such witness, an officer arresting the defendant testifies that on the night of the arrest he called up the telephone number of the residence

of this witness and that a female voice answered and said that she was in the residence called for, but was not the person asked for, but that she would call her sister, who was such person, and then another female voice answered, identified herself, and said the defendant had not been in her house: *Held*, sufficient evidence that the witness herself had answered the phone and was competent as evidence tending to contradict her testimony to the contrary.

2. **Evidence D d—Where identity of other person is established testimony as to phone conversation is competent.**

Testimony of a witness that he had had a conversation with another person over the telephone is admissible, if otherwise competent, where the identity of the other person is established by evidence.

3. **Criminal Law L e—In this case held there was no error in respect to rulings on admission of evidence.**

Exceptions in a criminal action to the rulings of the court with respect to the admission of evidence as to an alibi relied on will not be held for error when all defendant's evidence tending to establish the alibi was submitted to the jury.

4. **Burglary C d—In this case held: evidence of breaking and entering otherwise than burglariously was sufficient to overrule nonsuit.**

In this case *held:* evidence of defendant's guilt of unlawfully and feloniously breaking and entering a barber shop and repair shop, with intent to steal, and with the larceny of certain articles of personal property, was sufficient to be submitted to the jury, and defendant's motion as of nonsuit was properly overruled. C. S., 4643.

APPEAL by defendants from *Clement, J.*, at July Term, 1929, of STANLY. No error.

The defendants were tried upon six several indictments pending in the Superior Court of Stanly County. These indictments were consolidated for the trial of the issues raised by pleas of not guilty by each of the defendants to said indictments.

Each defendant was charged with unlawfully and feloniously breaking and entering the barber shop of Arlie Morris in Stanly County, on the night of 10 August, 1928, with intent to steal, take and carry away certain articles of personal property therein; and, also, with the larceny of said articles of personal property, of the goods and chattels of the said Arlie Morris, with a count in the indictment for receiving said stolen property, knowing the same to have been stolen.

Each defendant was also charged with unlawfully and feloniously breaking and entering the general repair shop of T. J. Austin, in Stanly County, on the night of 10 August, 1928, with intent to steal, take and carry away certain articles of personal property therein; and, also, with the larceny of said articles of personal property, of the goods and chattels of the said T. J. Austin, with a count in the indictment for receiving said stolen property, knowing the same to have been stolen.

There was a verdict of guilty as to each defendant as charged in each indictment.

From the judgment on each of said verdicts, defendants appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*G. Hobart Morton, J. R. Burleson, O. J. Sikes and R. L. Brown for defendants.*

CONNOR, J. All the evidence offered at the trial in the Superior Court tended to show that the crimes charged in the indictments, upon which the defendants were tried, were committed, as alleged in said indictments. There was a conflict in the evidence as to whether the defendants are the persons who committed said crimes. The evidence was submitted to the jury under a charge by the court to which there was no exception. On their appeal to this Court defendants contend that there was error in the refusal of the court to allow their motion, made at the close of all the evidence under C. S., 4643, that the actions be dismissed, and in the rulings of the court upon their objections to certain evidence offered by the State.

There was ample evidence tending to show that defendants are the persons who broke and entered the barber shop of Arlie Morris, between eleven-thirty and twelve o'clock, on the night of 10 August, 1928, and took and carried away certain articles of personal property, then in said barber shop, and owned by the said Arlie Morris. There was evidence tending to show that the persons who broke and entered the general repair shop of T. J. Austin, are the same persons who broke and entered the barber shop. The repair shop is located at a short distance from the barber shop. It was entered on the same night, and a short time after the barber shop was entered. The persons who entered both shops rode away in a Chevrolet coupe, which was identified by witnesses as the same coupe as that in which the defendants were riding that night, both before and after the commission of the crimes. If the defendants are the persons who broke and entered the barber shop and took and carried away the property of Arlie Morris, as the evidence for the State tended to show, there was also evidence sufficient to show that the defendants are the persons who broke and entered the repair shop and took and carried away the property of T. J. Austin. There was no error in the refusal of the court to allow the motion that the actions be dismissed.

Evidence offered by defendants tended to show that they left Albemarle, on the night of 10 August, 1928, at about ten-thirty o'clock, in a Chevrolet coupe, driven by the defendant, Radford Dennis; that they

drove said coupe to Salisbury, arriving there at about eleven o'clock; that they went to the home of Miss Minnie Loyd Scales in Salisbury, and that the defendant, Raeford Burleson, remained there, while the other defendants drove about the city; that these defendants, after about an hour, returned to the home of Miss Scales; that the defendant, Raeford Burleson, left said home with the other defendants, at about twelve-twenty o'clock; that some time thereafter they returned to Albemarle. The defendants were in Albemarle at two-thirty o'clock, when they were arrested, upon the charge that they had broken and entered the barber shop of Arlie Morris, and the repair shop of T. J. Austin, in Albemarle, at some time between eleven-thirty and twelve o'clock that night.

Miss Minnie Loyd Scales, as a witness for the defendants, testified that she lives in Salisbury; that on the night of 10 August, 1928, the defendants came to her home in Salisbury, arriving there at about eleven-fifteen o'clock; that the defendant, Raeford Burleson, remained there for about an hour; that the other defendants left him there, and in about an hour returned for him; that all three defendants left her home at about twelve-twenty o'clock, and that the defendants were riding in a Chevrolet coupe.

She testified that after defendants left her home, she went to bed; that her sister, Elizabeth Scales, returned home that night from Charlotte, after she had gone to bed. Her sister did not call her to the telephone, and she had no conversation that night with any one at Albemarle.

Miss Elizabeth Scales, as a witness for the defendants, testified that she returned to her home in Salisbury from Charlotte, about one-thirty o'clock on the night of 10 August, 1928; that she did not know that defendants had been at her home that night; that she answered a telephone call from Albemarle after she came home and told the person who had called that the defendants had not been at her home that night. She testified that she did not call her sister, Minnie Loyd Scales, who was at the time in bed, to the telephone, and that her sister did not talk over the telephone to the person who had called from Albemarle, and asked about the defendants.

Raeford Burleson, one of the defendants, testified that after the defendants were arrested in Albemarle on the night of 10 August, 1928, he told the officers who had arrested them that the defendants were in Salisbury at the time it was alleged that the barber shop and the repair shop in Albemarle had been entered; that he told officer Burleson to call Miss Minnie Loyd Scales on the telephone, at 784-W in Salisbury, and that she would corroborate his statement.

After these witnesses had testified, the State offered the testimony of officer Burleson to contradict the testimony of Miss Minnie Loyd Scales

and Miss Elizabeth Scales, with respect to the telephone conversation. Officer Burleson testified that when he called 784-W, Salisbury, a girl came to the telephone and said that she was Elizabeth Scales; that he told her that he wanted to speak to Miss Minnie Loyd Scales, and that the girl told him to hold the telephone, and that she would call Minnie Loyd Scales; that in a few minutes another girl came to the telephone and said that she was Minnie Loyd Scales; that he told her that he was an officer at Albemarle and wished to know whether or not she had seen Raeford Burleson, Radford Dennis and Jim Jolly at her home that night, and that this girl told him over the telephone, in response to his inquiry, that she had not seen them.

In apt time the defendants objected to this testimony on the ground that the witness had not identified the girl who he testified had talked with him over the telephone as Miss Minnie Loyd Scales. The objection was overruled, and the defendants excepted. The assignment of error based on this exception cannot be sustained.

There was evidence from which the jury could find that the girl who talked with the officer over the telephone was Minnie Loyd Scales. It is admitted that the officer talked with some girl who was in Salisbury at number 784-W; that Minnie Loyd Scales was in the house in which the telephone bearing this number was located, and that Elizabeth Scales, who was also in the house, talked with the officer. All the evidence shows that the officer had a telephone conversation with a person who was talking to him, at Salisbury, through the telephone in the home of Minnie Loyd Scales, and that the officer wished to speak to her and not to Elizabeth Scales. The testimony of a witness that he had a conversation with another person over the telephone, is admissible where the identity of the other person is established by evidence. The conversation, if otherwise competent, should not be excluded as evidence, because it was had over the telephone, when the identity of the person talking to the witness is established. In the absence of evidence tending to identify the person with whom the witness had the telephone conversation, evidence as to the conversation should be excluded.

It has been generally held that a person talking at one end of the telephone line may be identified by his or her voice. *Manufacturing Co. v. Bray,* 193 N. C., 350, 137 S. E., 151. It is said that "by the weight of authority evidence is admissible as to conversations over the telephone, when the witness has called for a designated person at his place of business, and the one answering the telephone, and carrying on the conversation claims to be the person called for." See note L. R. A., 1918D, p. 720. Whether this rule, founded upon modern business practice, shall be adopted in this jurisdiction or not, we do not now decide. In the instant case, while there was no evidence tending to show that

3—198

the officer recognized the voice of the person who talked with him over the telephone, there was evidence tending to show that such person was Miss Minnie Loyd Scales. The conversation which the officer testified that he had on the night of 10 August, 1928, with the person who claimed to be Minnie Loyd Scales, was competent as evidence tending to contradict both Miss Minnie Loyd and Miss Elizabeth Scales.

We have considered other assignments of error, all of which are based upon exceptions to the rulings of the court with respect to the admission of evidence. These assignments of error cannot be sustained. All of defendants' evidence tending to show that they were in Salisbury and not in Albemarle, when the crimes with which they are charged were committed in Albemarle, was submitted to the jury. In the absence of error in decisions of the trial court as to matters of law or legal inference, the verdict of the jury cannot be disturbed by this Court. The judgments must be affirmed. We find

No error.