INTERNATIONAL HARVESTER COMPANY OF AMERICA v. H. W. CALDWELL, SHERIFF, AND REID MOTOR COMPANY.

(Filed 28 May, 1930.)

**Evidence D d—Identity of person talking over phone was established by evidence and testimony of conversation should have been admitted.**

Where there is evidence that a witness requested the long-distance operator in the telephone exchange to connect the witness with the telephone in the office of the plaintiff in a nearby city, and that some one responded, saying that he was speaking from the office of the plaintiff, that he was unable to give the information requested by the witness, but that he would have the plaintiff's bookkeeper call the witness as soon as the bookkeeper came in, whereupon the witness gave his telephone number and town, and that later in the morning the witness was informed by the telephone operator that the bookkeeper in the office of the plaintiff was calling him, and that he then had a conversation over the long-distance telephone with a person who represented himself to be the bookkeeper in the office of the plaintiff, who informed the witness as to the identity of an article sold by the plaintiff which was later verified: *Held,* the identity of the person as the bookkeeper of the plaintiff was sufficiently established by the evidence, and testimony of the conversation by the witness, being otherwise competent, should have been admitted in evidence.

APPEAL by defendants from *Harwood, Special Judge,* at November Special Term, 1929, of CABARRUS. New trial.

Action to recover from defendants possession of a truck described in the complaint, upon the allegation that plaintiff is the owner and entitled to the immediate possession of the same. This allegation is denied in the answer.

The truck was seized by the defendant sheriff of Cabarrus County the day before the commencement of this action, and taken by him from the possession of one Zeb Cruse, under an execution issued on a judgment in favor of the defendant, Reid Motor Company, and against the said Zeb Cruse.

The determinative question involved in the issue raised by the pleadings is whether the plaintiff had sold the truck described in the complaint to the said Zeb Cruse prior to the date on which it was seized by the sheriff and taken from his possession.

The issue submitted to the jury was answered as follows: "Is the plaintiff the owner and entitled to the immediate possession of one International Truck S L 36, 1½ tons, Chassis No. 61887 D, Engine No. 4 S. G. 12906, as alleged in the complaint? Answer: Yes."

From judgment that plaintiff is the owner of the truck described in the complaint, and that it recover of defendants possession of the same, defendants appealed to the Supreme Court.

*Hartsell & Hartsell for plaintiff.*
*Armfield, Sherrin & Barnhardt for defendants.*

CONNOR, J. This action was begun on 4 June, 1929. On 3 June, 1929, the defendant, H. W. Caldwell, sheriff of Cabarrus County, by virtue of an execution in his hands, issued on a judgment in favor of the defendant, Reid Motor Company, and against one Zeb Cruse, had levied upon and taken into his possession the truck described in the complaint. At the date of said levy and seizure, the truck was in the possession of the said Zeb Cruse, in the town of Concord, N. C.

On the trial in the Superior Court, plaintiff contended that at the date of its seizure by the said sheriff, plaintiff was the owner of said truck; that it had delivered the said truck to the said Zeb Cruse some time prior thereto, upon his agreement with it that he would use the truck for a short time, and would then advise plaintiff, at its office in Charlotte, N. C., whether or not he wished to purchase the truck; and that at said date, the said Zeb Cruse had not purchased the truck, or advised plaintiff with respect to whether or not he had decided to purchase it.

Plaintiff further contended that it did not sell the truck to Zeb Cruse until after the commencement of this action and until after the truck had been taken from the possession of defendants and delivered to it, pursuant to the writ of claim and delivery issued in the action.

There was evidence at the trial tending to sustain the contentions of the plaintiff.

The defendants contended, on the contrary, that plaintiff had sold and delivered the truck to Zeb Cruse prior to the date on which it was seized by the sheriff, and that, therefore, plaintiff was not the owner of the truck or entitled to its possession at the date of the commencement of this action. In support of this contention, defendants offered as evidence the testimony of a witness, who offered to testify that on 30 May, 1929, he had a conversation over the telephone from his office in Concord, N. C., with the bookkeeper of plaintiff at its office in Charlotte, N. C., in which the said bookkeeper stated to the witness that plaintiff had sold the truck described in the complaint to Zeb Cruse prior to the date of said conversation. This testimony, upon the objection of plaintiff, was excluded as evidence, on the ground that there was no evidence tending to identify the person with whom the witness had the conversation over the telephone as the bookkeeper of plaintiff, in its office at Charlotte, N. C. Defendants excepted to the exclusion of the testimony, and on their appeal to this Court assign same as error, for which they contend they are entitled to a new trial. This contention must be sustained.

There was evidence tending to show that during the morning of 30 May, 1929, the witness requested the long-distance operator in the telephone exchange to connect the telephone in his office at Concord, N. C., with the telephone in the office of the plaintiff at Charlotte, N. C.; that within a few moments some one responded, saying that he was speaking from the office of plaintiff at Charlotte, N. C.; the witness then asked the person who had responded to his call, whether or not the plaintiff had sold a truck to Zeb Cruse of Concord within the last few days; the person speaking replied that he did not know, but that as soon as the bookkeeper, who was then in the office, came in, he would have him call the witness and give him the information which he desired; the witness thereupon requested that the bookkeeper call his telephone number—220—at Concord.

Later in the morning of the same day the witness was called to the telephone in his office at Concord, and informed by the telephone operator that the bookkeeper in the office of plaintiff, in Charlotte, N. C., was calling him. He then had a conversation over the long-distance telephone with a person who represented himself to be the bookkeeper in the office of plaintiff, in Charlotte, N. C. In this conversation the person speaking informed the witness that the plaintiff had sold to Zeb Cruse a truck with engine number 4 S. G. 12906, and had taken a mortgage on the truck to secure the purchase price. The witness subsequently saw the truck which the sheriff seized under the execution and took from the possession of Zeb Cruse. Its engine number was 4 S. G. 12906.

This evidence was sufficient, we think, to identify the person with whom the witness had the conversation as the bookkeeper in the office of plaintiff, in Charlotte, N. C. It was, therefore, error to exclude the testimony of the witness as to the conversation which he had over the telephone with a person who had called witness, in accordance with his request, and who represented himself to be the bookkeeper in the office of the plaintiff. In *S. v. Burleson, ante,* 61, 150 S. E., 628, we said: "The testimony of a witness that he had a conversation with another person over the telephone, is admissible where the identity of the other person is established by evidence. The conversation, if otherwise competent, should not be excluded as evidence, because it was had over the telephone, when the identity of the person talking to the witness is established. In the absence of evidence tending to identify the person with whom the witness had the telephone conversation, evidence as to the conversation should be excluded."

The instant case is distinguishable from *Mfg. Co. v. Bray,* 193 N. C., 350, 137 S. E., 151. In that case the witness had been called to the telephone by a person who represented himself to be the defendant. There was no evidence tending to identify the person speaking as the

defendant. Testimony as to the conversation was properly excluded as evidence. In the instant case, there were facts and circumstances tending to show that the person who called the witness in accordance with his request, was the identical person he represented himself to be. There was error in the exclusion of testimony as to the conversation between the witness and the person who, there was evidence tending to show, was the bookkeeper of plaintiff, in its office at Charlotte, N. C. For this error the defendants are entitled to a

New trial.