LON POWERS v. COMMERCIAL SERVICE COMPANY, INCORPORATED, ET AL.

(Filed 23 December, 1931.)

**Evidence D d—Testimony of contents of telephone conversation held incompetent under the facts of this case.**

> Where a witness is allowed to testify over objection to the substance of an alleged telephone conversation with an unknown person for the purpose of showing the contents of the conversation which alone gave it pertinency and rendered it hurtful, the testimony is incompetent as hearsay, and its admission constitutes reversible error.

APPEAL by plaintiff from *McElroy, J.,* at Second April Term, 1931, of BUNCOMBE.

Civil action for damages, tried in the General County Court of Buncombe, which resulted in a verdict and judgment for plaintiff. On appeal to the Superior Court, four exceptions "upon which the defendants have assigned error as appears by the record" were sustained, and the cause remanded for another hearing. From this order, plaintiff appeals, contending that no reversible error appears on the record.

*Johnson, Smathers & Rollins for plaintiff.*
*Zeb. V. Nettles and Carter & Carter for defendants.*

STACY, C. J. Putting aside the doubt as to whether it "appears by the record" that the four assignments of error, sustained by the Superior Court in the exercise of its appellate jurisdiction, are based on exceptions duly taken and entered (*Sanders v. Sanders,* 201 N. C., 350), which otherwise might call for a dismissal of the appeal, the ruling on the first assignment of error seems to be well supported by the authorities.

The trial court permitted a witness for the plaintiff, over objection of defendants, to give in evidence the substance of an alleged telephone conversation which he had with some unknown person. This was hearsay, and as it was offered for the purpose of showing the contents of said conversation, which alone gave it pertinency and rendered it hurtful in effect, the ruling of admission was erroneous. The Superior Court, therefore, properly sustained the assignment of error based on this exception. Occasion was presented in each of the following cases to deal with the competency of conversations had over the telephone: *Lumber Co. v. Askew,* 185 N. C., 87, 116 S. E., 93, *Sanders v. Griffin,* 191 N. C., 447, 132 S. E., 157, *Mfg. Co. v. Bray,* 193 N. C., 350, 137 S. E., 151, *S. v. Burleson,* 198 N. C., 61, 150 S. E., 628, *Harvester Co. v. Caldwell,* 198 N. C., 751, 153 S. E., 325.

The remaining exceptions are not considered, as it is unnecessary to pass upon them now.

Affirmed.