### STATE v. DR. G. D. GARDNER.

(Filed 11 December, 1946.)

**Criminal Law § 32½—**

> A written statement made by defendant and evidence of oral statements made by him to officers disclosing that defendant had made a telephone call to the Acting Coroner on the afternoon of the date in question, and testimony of a witness that when he called at defendant's home a short time after the hour in question, defendant stated that he had called the Acting Coroner *is held* a sufficient identification of defendant as the person who made the call to admit of testimony by the Acting Coroner as to the telephone conversation had with a person purporting to be defendant.

APPEAL by defendant from *Bobbitt, J.,* at January Term, 1946, of BUNCOMBE.

Criminal prosecution tried upon indictment charging the defendant with the murder of one Mrs. Lois E. Cordell.

The evidence tends to show that Lois E. Cordell died about 1:30 p.m., on 23 October, 1945, as a result of abortional injuries inflicted in the performance of an abortion. An autopsy was performed on the body of the deceased the day she died by Dr. Curtis Crump, Acting Coroner and expert physician and pathologist. Three other physicians, each admitted to be an expert, were present when the autopsy was performed. The autopsy revealed approximately a pint of blood and blood clots in the abdominal cavity. This seemed to be all the blood in the body; whereas, according to the evidence, there should have been about five quarts. The whole front half of the womb showed a jagged perforation which measured approximately four by two inches. Other lacerations and

tears were found, which need not be described here. All the doctors agreed that Lois E. Cordell died within fifteen to thirty minutes after the abortional injuries were inflicted and two of them were of the opinion that she probably died during the performance of the abortion. Dr. Crump testified that there was no evidence of peritonitis, and that in his opinion if these injuries were inflicted prior to 7:30 in the morning and she died at 1:30 p.m., that day, peritonitis would have set in with the amount of damage that was present in her womb.

The State also introduced evidence tending to show that the defendant, on 22 October, 1945, went to the Warren Safe & Lock Company in Asheville, to get a surgical instrument repaired. No one was in who could repair the instrument and the defendant said he could not wait. He took a piece of No. 18 galvanized stove pipe wire and repaired the instrument, leaving about ¾ of an inch of the wire twisted on top of the rivet. The defendant said he could sterilize it and use it.

Verdict: Guilty. Judgment: Imprisonment in the State's Prison for a term of not less than five nor more than seven years.

The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Henry C. Fisher and J. W. Haynes for defendant.*

DENNY, J. This case was before us on a former appeal in which a new trial was granted. *S. v. Gardner,* 226 N. C., 310, 37 S. E. (2d), 913.

The first assignment of error is based on an exception to the admission of the testimony, over objection, of the Acting Coroner of Buncombe County, Dr. Curtis Crump, who, in response to a question about a telephone call, testified: "I received that telephone call shortly after 3:30 p.m., and Dr. Gardner, or a man purporting to be Dr. Gardner, stated that he had called his lawyer and his lawyer had advised him to call the Coroner concerning a deceased individual which he had at his house, his home. He gave the report that the patient had just been left at his home at 918 Haywood Road by a taxi and that the taxi had immediately driven off before he could find out any further information. He stated that the patient had died before any aid could be given by him or he could ascertain what was wrong with her."

The defendant contends this evidence was admitted without proper identification of the person with whom Dr. Crump talked, over the telephone, shortly after 3:30 p.m., on 23 October, 1945, for it to be admissible. He further contends Dr. Crump's testimony was highly prejudicial in that it tended to create the impression that the deceased had been left at the home of Dr. Gardner in the afternoon and not in the

morning of 23 October, 1945, as set forth in defendant's statement previously made and offered in evidence by the State.

The exception cannot be sustained. The written statement of Dr. Gardner and evidence of oral statements made by him, to the officers at the time he gave his written statement, admitted in evidence without objection, disclose that the deceased was left by a taxi driver at the home of Dr. Gardner on Haywood Road about 7:00 or 7:30 a.m., on the morning of 23 October, 1945. The girl died at approximately 1:30 p.m., that day. Dr. Gardner stated to the officers: "There was quite a delay in his attempt to get the Acting Coroner on the telephone." The defendant called an attorney to find out the name of the Acting Coroner, and after obtaining the information, he said: "He . . . called Dr. Crump, the Acting Coroner, and told him that this girl was there and that she had died and that he did not know who she was."

The record further discloses that an undertaker was called and went to the home of Dr. Gardner for the body. The undertaker arrived about 4:00 p.m., on the day in question. Dr. Gardner answered the door bell and stated "That he had called the Coroner and had permission . . . to remove the body." The undertaker communicated with Dr. Crump and then removed the body of the deceased to his place of business, where the autopsy was performed a few hours later.

We think there was ample evidence tending to identify the defendant as the person who called Dr. Crump over the telephone on the afternoon of 23 October, 1945, and that evidence as to the conversation at that time was properly admitted. *Sanders v. Griffin,* 191 N. C., 447, 132 S. E., 157; *S. v. Burleson,* 198 N. C., 61, 150 S. E., 628; *Harvester Co. v. Caldwell,* 198 N. C., 751, 153 S. E., 325; *Cf. Mfg. Co. v. Bray,* 193 N. C., 350, 137 S. E., 151, and *Powers v. Commercial Service Co.,* 202 N. C., 13, 161 S. E., 689.

We have carefully considered the additional exceptions and the assignments of error based thereupon, and they are without merit.

In the trial below, we find

No error.