In re Tucker

Reversed and remanded.

Judges CLARK and ARNOLD concur.

---

IN THE MATTER OF LENETTE TUCKER AND CASHAWN TUCKER

No. 8112DC1053

(Filed 15 June 1982)

**Parent and Child § 1— termination of parental rights—insufficient competent evidence to support conclusion**

In a proceeding to terminate parental rights, there was insufficient competent evidence to support the trial court's conclusion that the children were "neglected children pursuant to General Statute 7A-517(21)(c) [sic] in that said minor children have not been provided necessary medical care or other remedial care," where (1) there was no direct evidence regarding one of the children's seizure disorder, and (2) the testimony regarding one witness being "called" regarding missed medical appointments by the children placed into evidence statements by the caller, a person other than the witness under oath. G.S. 7A-635.

APPEAL by respondent from *Guy, Judge.* Order entered 4 June 1981 in District Court, CUMBERLAND County. Heard in the Court of Appeals 7 May 1982.

Respondent appeals from an order concluding that her two minor children were neglected juveniles.

*Attorney General Edmisten, by Associate Attorney General Walter M. Smith, for the State.*

*Jennie Dorsett for the Cumberland County Department of Social Services, petitioner appellee.*

*Staples Hughes, Assistant Public Defender, 12th Judicial District, for respondent appellant.*

WHICHARD, Judge.

Petitioner, the Cumberland County Department of Social Services, alleged that respondent's two minor children were neglected in that (1) they did not receive proper care, supervision, or discipline; (2) they had not received necessary medical

care; and (3) they lived in an environment injurious to their welfare. Respondent in open court denied the allegations.

Petitioner's evidence consisted of the testimony of two social workers. The first, respondent's case worker from March 1980 through March 1981, testified in pertinent part as follows:

Over objection that the evidence constituted inadmissible hearsay, he stated that he knew that respondent had missed certain appointments; that when Cashawn missed an appointment in Chapel Hill, he was called; that when Lenette or Cashawn missed an appointment at physical therapy, he was called; and that on occasions when respondent missed appointments with the WIC program, he was called. Respondent told him the Chapel Hill appointment was too early. As to the other appointments, she either denied that they existed or said "the ride didn't come by to pick them up."

He stated that Lenette was out of phenobarbital in March, but respondent did not have an appointment to get another prescription until July. Over objection, he stated that Lenette had seizure disorders.

The witness further testified that he had discussed with respondent "her being intoxicated" and that she "admitted to drinking but not to having been intoxicated." He had noticed the effects of respondent's drinking on the days he visited with her and had talked with her about getting involved in an alcohol treatment program. She responded that she did not have a drinking problem.

The second social worker testified as follows: She saw respondent at the hospital on a single occasion. Respondent had a strong odor of alcohol on that occasion, and she felt that respondent was intoxicated. Respondent was hostile when talking to her. Respondent at first refused to admit her child to the hospital. She finally allowed the child to be admitted when the witness told her if she did not the witness would obtain a court order to have the child admitted.

Respondent offered no evidence.

The court found as facts that: respondent had failed to keep medical appointments for Lenette; respondent had failed and

refused to keep clinical appointments for both minor children, even though transportation was provided; respondent is an excessive drinker and in the opinion of the first social worker she was intoxicated on one occasion when Lenette had to be admitted to the hospital; the minor child Lenette is in need of medical care, has seizures, is in need of phenobarbital for the reduction of seizures, and respondent fails to maintain a sufficient supply of phenobarbital for her; both children are in need of medical attention and respondent has refused medical care; and neither child has received proper care and supervision by respondent and there has been a definite lack of supervision in that the children have not received necessary medical care. It concluded that the children "are neglected children pursuant to General Statute 7A-517(21)(c) [sic] in that said minor children have not been provided necessary medical care or other remedial care."

Respondent contends the cumulative effect of the several errors assigned renders the conclusion that her children were neglected unsupported by competent evidence or by proof by clear and convincing evidence. We agree, and accordingly reverse.

The testimony regarding the witness being "called" regarding missed medical appointments placed into evidence statements by the caller, a person other than the witness under oath. It was offered to establish the truth of the matter stated. It thus was clearly inadmissible hearsay. *See Wilson v. Indemnity Corp.*, 272 N.C. 183, 158 S.E. 2d 1 (1967); *Powers v. Commercial Service Co.*, 202 N.C. 13, 161 S.E. 689 (1931).

There was likewise no direct evidence regarding Lenette's seizure disorders. The witness was not qualified as a medical expert. While a nonexpert witness may testify as to a person's health, he must do so based on observation or facts within his knowledge. *See Gasque v. Asheville*, 207 N.C. 821, 178 S.E. 848 (1935). No foundation was laid here establishing that the witness had observed the child or had facts within his knowledge on the basis of which to testify. Hence, the testimony was either hearsay or uninformed conjecture, either of which was inadmissible.

The allegations in a petition alleging neglect must be proved by clear and convincing evidence. G.S. 7A-635. Absent the foregoing incompetent evidence, the record is devoid of clear and convincing evidence to sustain the conclusion that respondent failed

to provide necessary medical care or other remedial care for her children. Because the conclusion is not supported by clear and convincing evidence, and because it was the sole ground for entry of the order, the order must be and is

Reversed.

Judges WEBB and WELLS concur.