## MARTIN et al. v. GOVERNMENT OF CANAL ZONE.

### No. 7734.

Circuit Court of Appeals, Fifth Circuit.

Feb. 19, 1936.

Richard G. Levy, of Ancon, Canal Zone, for appellants.

J. J. McGuigan, U. S. Atty., of Ancon, Canal Zone, and Rene A. Viosca, U. S. Atty., and Robert Weinstein, Asst. U. S. Atty., both of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The two appellants were convicted under an information charging them and one LeRoy with unlawfully and feloniously taking and carrying away $500 in United States currency and 100 German marks, of the alleged value of $40 in United States currency, the personal property of one Willy Vom Norden. Upon the demand of said LeRoy, the court ordered that he be tried separately. In the trial the prosecution introduced evidence to the effect that Willy Vom Norden, when leaving the steamship Santa Elena, on which he came to Balboa, Canal Zone, met appellants, who, aided by LeRoy, by tricks and devices, not necessary here to be described, induced him to return to the Santa Elena and get from the purser of that vessel $500 in United States currency and 100 German marks which he had deposited with the purser, whereupon appellants, by artifice and fraud, got possession of that money and absconded. Testimony of the appellants was to the effect that before Vom Norden returned to the Santa Elena they and Vom Norden engaged in betting for money by matching coins, that Vom Norden got his money from the purser on the Santa Elena for the purpose of continuing the betting, and lost it on a bet he made with appellant Martin. Upon the conclusion of the evidence the appellants requested the court to give the following written instruction:

"You are instructed that, if from the evidence you find, that at the time and place mentioned in the information there was a game of matching coins or betting going on between the defendants Thomas P. Walters, James E. Martin' and the complaining witness, Willy Vom Norden and that the said Willy Vom Norden was present and took part in said matching coins or betting, and that the said Willy Vom Norden returned to the Steamer Santa Elena and obtained the sum of $540.00, as alleged in the information, for the purpose of carrying on said matching of coins or betting and that he lost said amount in said transaction, then your verdict must be for the defendants."

The court refused to give that instruction. The appellants assign as errors rulings on evidence made by the court during the trial, instructions given by the court to the jury, and the court's refusal to give the above set-out requested instruction.

The court gave several instructions to the jury wherein it was stated that it was the duty of the jury to convict appellants in the event of the jury making findings from the evidence which were hypothesized in such instructions. The instructions to the jury given by the court made no mention of the evidence tending to prove that Vom Norden lost his money on a bet, not by fraud or theft, and did not refer to the theory of the defense disclosed by the evidence introduced by the appellants. Only the evidence of the guilt of appellants was referred to; that tending to prove their innocence of the crime charged not being stated or commented on. The proposition stated in the above set-out written charge was not covered by any instruction given by the court to the jury. The appellants were entitled to have clearly stated to the jury the theory of defense based on their testimony which negatived the truth of the incriminating evidence introduced by the prosecution. O'Shaugnessy v. United

States (C.C.A.) 17 F.(2d) 225; Hendrey v. United States (C.C.A.) 233 F. 5, 18. In the circumstances disclosed, that right of the appellants was denied by the court's refusal to give the above set-out requested written instruction to the jury. The refusal to give that instruction was prejudicial error. The questions raised by other assignments of error may not arise in another trial, and need not be passed on. The judgment is reversed.