# NATHAN CRAWFORD KING, Appellant, *v.* THE STATE OF NEVADA, Respondent.

## No. 4632

May 20, 1964                                          392 P.2d 310

*William R. Devlin,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, and *Edward G. Marshall,* District Attorney, Clark County, for Respondent.

**O P I N I O N**

By the Court, THOMPSON, J.:

In the early morning of May 2, 1962, Nathan King shot and killed his wife. The homicide occurred in their apartment at 2535 Carroll, North Las Vegas. A jury convicted him of first degree murder and directed his punishment to be life imprisonment with the possibility of parole. NRS 200.030(4). Judgment and sentence were duly entered. He appeals.

The main contention is that the jury's conclusion of a willful, deliberate and premeditated killing, viz., first degree murder, can only find support in an inadmissible telephone statement overheard, and related in court, by an operator of the Southern Nevada Telephone Company. He challenges the admissibility of the telephone operator's testimony on the ground that the identity of the voices which she overheard was not satisfactorily established. The operator was permitted to testify that at 2:40 a.m., May 2, 1962, she answered the telephone and heard an unidentified woman's voice say, "Help, help, I need help." As it was an emergency call, the operator kept the line open. A few moments later the unidentified woman's voice came back on the line and repeated, "Help, help. I

need help." In the background she also heard an unidentified man's voice state, "Put that phone down, it's too late now." At 2:55 a.m. (the trunk line was still open) she heard a man, who identified himself as Nathan King, advise the police that he had just killed his wife.

Before the operator testified the state had shown that there was only one telephone connection to the King apartment at 2535 Carroll; that it was a one party line. In addition, an authenticated statement of Nathan King had been received in evidence in which he stated, inter alia, "I remember my wife calling for help on the phone and I remember taking the phone away from her hand." When the police arrived at the homicide scene the telephone was off the hook. When King took the stand he testified that only he, his wife and their small baby were in the apartment when the telephone calls were made.

In general terms it is true that, in order for a telephone conversation to be admissible in evidence, the identity of the party on the other end of the line must be established. However, positive voice identification by the hearer is not required. The identification may be satisfactorily shown by circumstantial evidence. State v. Kladis, 172 Kan. 38, 238 P.2d 522; State v. Gardner, 227 N.C. 37, 40 S.E.2d 415; 7 Wigmore on Evidence, 3d ed., § 2155; Annots., 71 A.L.R. 5, 105 A.L.R. 326. Though the telephone operator could not identify the background voice saying, "Put that phone down, it's too late now," the evidence received compels the conclusion that the woman's voice was the decedent's, and the man's that of Nathan King. We hold that the trial court properly received the telephone operator's testimony, and that the jury could consider the man's background statement as probative of a willful, deliberate and premeditated killing.

The appellant also contends that his proven intoxication at the time of the homicide precludes, as a matter of law, a finding that the killing was willful, deliberate and premeditated. It is true that he had been drinking heavily before the homicide. His blood alcohol about two

hours after the killing was .21. However, when he telephoned the police shortly after the slaying he was coherent and clear. Whether one's intoxication is so gross as to preclude a capacity intentionally to kill is normally a fact issue for the jury to resolve. State v. Jukich, 49 Nev. 217, 242 P. 590. The expert witnesses were not able to testify that King lacked the capacity to premeditate and deliberately kill because of his intoxication. The jury was advised that the fact of King's intoxication might be taken into considerationi n determining intent. NRS 193.220. We assume that the jury did so. The appellant's claim in this regard is without merit.

Affirmed.

BADT, C. J., and MCNAMEE, J., concur.