ELMER FINCH CRISWELL, APPELLANT, v. STATE OF NEVADA, RESPONDENT.

No. 5927

July 9, 1970                    472 P.2d 342

574

*Lester H. Berkson,* of Stateline, and *Jerry C. Lane,* of Carson City, for Appellant.

*Harvey Dickerson,* Attorney General, and *Mark C. Scott, Jr.,* District Attorney, Elko County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

A jury found appellant, Elmer Finch Criswell, guilty of second degree murder. He appealed to this court from his judgment of conviction, asserting numerous assignments of error. See Criswell v. State, 84 Nev. 459, 443 P.2d 552 (1968).[1] We rejected all the assignments except that we remanded the case to the district court with instructions that the district judge conduct an evidentiary hearing to determine whether Criswell's oral confession of the crime to Assistant Police Chief William Brodhead, which was presented to the jury, was voluntarily given by Criswell. See Jackson v. Denno, 378 U.S. 368 (1964). In our remand we instructed the lower court that, if the district judge found that Criswell's confession was not voluntarily given, then his conviction must be set aside and a new trial granted. If on the other hand the district judge found that Criswell's confession was voluntarily given and therefore properly presented to the jury, his conviction must stand. The evidentiary hearing was conducted before the Honorable John E. Gabrielli.[2] Numerous persons, including lay

[1] The facts are recited in that opinion, and we shall not restate them in this one.

[2] The Honorable George F. Wright of the Fourth Judicial District presided at Criswell's trial.

witnesses, police officers, attorneys, three psychiatrists, and a clinical psychologist as well as Criswell, appeared and testified at the hearing. It would serve no useful purpose to summarize their testimony in this opinion. We have read the transcript of the proceedings, and we are satisfied that the record supports the finding of the district judge "that this Defendant [Criswell] at all times material hereto was able to and did make cognitive judgments (despite his emotional mental disturbance) and intelligently and competently waived his constitutional rights hereinvolved [sic] and that the confession to William Brodhead on July 28, 1966 was voluntarily given in full appreciation of his situation and possible consequences thereof."

The principal thrust of Criswell's argument on this appeal from the district judge's ruling is that the testimony of the psychiatrists and the psychologist shows that Criswell is presently suffering from a schizophrenic reaction, paranoid in type, and that he was probably suffering from the same mental illness in July 1966, when he made his confession. Criswell's counsel argues that, because of Criswell's mental condition, any confession made by him may not be considered voluntary and is therefore inadmissible. We do not agree.

The term "schizophrenic," indicating a splitting of the mind, today has largely replaced the older term, "dementia praecox." Catatonic schizophrenics may commit serious criminal acts. "They display a sweeping abandonment of conventional behavior with the breaking through of deeply repressed crude factors." Coon, *Psychiatry for the Lawyer: The Principal Psychoses,* 31 Corn.L.Q. 327, 353 (1946). We may not, however, rule as a matter of law that one who is a paranoid schizophrenic may not give a perfectly voluntary confession. Indeed, Dr. Sterling A. MacKinnon, one of the psychiatrists who testified for Criswell, stated at the hearing:

". . . There are degrees of this illness, of course, and there are lots of people who are walking the street who have paranoid schizophrenia, I'm sorry to say, or some form of paranoia. There is a saying in psychiatry that if you study very carefully the lives of some of our biggest business tycoons you would discover they were very paranoia [sic] and perhaps that is a good thing because that is how they can cope with their competitors, by being suspicious of them."

Certainly such a mental condition is a factor that, along with all other relevant factors, may be considered by a district judge in determining whether a confession was voluntarily given. But such a mental disturbance itself will not necessarily preclude the admissibility of a confession by one afflicted, so

long as the defendant is mentally capable of understanding the meaning and consequences of his statements. People v. Lara, 432 P.2d 202 (Cal. 1967); People v. Tipton, 309 P.2d 813 (Cal. 1957); People v. Hester, 237 N.E.2d 466 (Ill. 1968); State v. Ordog, 212 A.2d 370 (N.J. 1965); State v. Allen, 406 P.2d 950 (Wash. 1965).

The judgment of the district court is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.