[No. 263-1.    Division One—Panel 1.    March 1, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. EDDIE ELIE, JR., *Appellant*.

---

[2]The trial court did not find that appellant's promissory note was a fraudulent "obligation" under RCW 19.40.040.

*H. John Aitken* and *Jack A. Richey*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Gerald M. Lorentson, Deputy,* for respondent.

WILLIAMS, J.—Defendants Eddie Elie, Jr., and Candis Lou Moore were charged with forging the name of defendant Moore's mother as drawer on three checks. Defendant Elie alone appeals from the judgment of guilty entered as to both on the verdict of a jury.

Appellant's two assignments of error are directed to the admission into evidence of the substance of an incriminating telephone conversation purportedly had with appellant and of statements which appellant gave while being questioned by police officers following his arrest.

The events material to a consideration of the assignments are that a book of checks was taken from the home of defendant Moore's mother. The mother called the hotel at which appellant and defendant Moore were registered as "Mr. and Mrs. Eddie Elie," and asked to speak to Eddie Elie. After a pause, another person's voice came over the telephone identifying himself as "Eddie." The mother inquired of her daughter, Candis, and was told that she was not in the room. The use of the missing checks was then discussed. Appellant cashed two of the checks made payable to "Eddie Elie" and was arrested when he attempted to cash the third. The mother's name had been forged as drawer on each of the checks.

The identity of a party making a telephone call may be established by circumstantial evidence. *State v. Bates,* 52 Wn.2d 207, 324 P.2d 810 (1958); *State v. Manos,* 149 Wash. 60, 270 P. 132 (1928). The circumstances in this case were sufficient to permit the admission of the substance of the telephone conversation. *State v. Peterson,* 109 Wash. 25, 186 P. 264, 8 A.L.R. 652 (1919).

At the time of the arrest, and also 3 days later while still in custody, appellant made statements which proved to be incriminating. Upon arrest, appellant was given the

"Miranda" warning. He did not expressly waive the rights enumerated in the warning, but did make a statement. Prior to the interrogation 3 days later, appellant was given a form which contained an acknowledgment that he was aware of his "Miranda" rights and, separately, a waiver of those rights. Appellant signed the acknowledgment that he was aware of his rights, but refused to sign the waiver. The trial court determined at a CrR 101.20W pretrial hearing that appellant voluntarily made the statements after he had been adequately advised of his rights, which he understood and which he elected to waive. *State v. Cashaw,* 4 Wn. App. 243, 480 P.2d 528, is in point and controlling as to this assignment of error.

The judgment is affirmed.

HOROWITZ, C.J., and UTTER, J., concur.