531 P.2d 154

STATE of Arizona, Appellee,

v.

David Carrieon GODINEZ, Appellant.

No. 2936.

Supreme Court of Arizona,
In Banc.

Jan. 29, 1975.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Phoenix, for appellee.

James H. Garcia, Phoenix, for appellant.

HAYS, Justice.

The defendant was charged with assault with intent to commit murder with a gun. The jury found him guilty of assault with a deadly weapon and he was sentenced to not less than ten years nor more than life imprisonment.

The first issue raised on appeal concerns the admission in evidence of defendant's confession. Defendant contends that his intoxicated condition and his recent epileptic convulsion made it impossible for him to comprehend his rights or understand the meaning of the statements he made in the confession. A voluntariness hearing was had before the court who thereafter made a finding that the statements were voluntary.

The issue of voluntariness was then submitted to the jury by way of an appropriate instruction. There was testimony that the defendant had been drinking heavily, that he reeked of alcohol, and that he gave the appearance of one who had been drinking. There was also testimony that a short time before the interrogation he had had an epileptic convulsion. However, various police officers testified that he appeared to comprehend their questions, his speech was not slurred or halting, and his actions were normal. Two officers testified that defendant had been taken to the County Hospital and examined by a doctor before he was taken to the police station for interrogation.

The jury obviously decided this issue against defendant. We will not redetermine facts already decided by a jury when there is substantial evidence to support their position. State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960).

We set forth the following test for cases where a confessor has been drinking alcohol in State v. Clark, 102 Ariz. 550, 434 P.2d 636 (1967):

"The general rule with respect to confessions made by a person under the influence of intoxicants can be summarized as follows: proof that the accused was intoxicated at the time he confessed his guilt will not, without more, prevent the admissability of his confession [citing cases] . . . . However, if it is shown that the accused was intoxicated to such extent that he was unable to understand the meaning of his statements, then the confession is inadmissible [citing cases]." 102 Ariz. at 553, 434 P.2d at 639.

The foregoing rule regarding disability by reason of intoxication can be logically applied to other disabilities such as epilepsy, and we do so in this case.

Defendant objected to the testimony of one Frances Faye Hill on the grounds of hearsay. The witness Hill testified that four or five days after the shooting, a person whose voice she recognized as being that of the defendant, who identified himself as David, made threats concerning the victim and the victim's daughter. The daughter threatened is defendant's ex-wife. An allusion to the assault was also made in the call.

The record shows that the witness had had ample opportunity to have become familiar with defendant's voice over a number of years. For a telephone conversation to be admissible in evidence, it is sufficient if the witness provides a reasonable basis for the identification of the caller. State v. Peterson, 2 Wash.App. 464, 469 P.2d 980 (1970). The evidence here indicates that the witness had a sufficient degree of familiarity with defendant's voice to have made a reasonable identification. We do not attempt to meet the question of whether or not the testimony should have been barred on other grounds since only the one point of objection was raised at trial and is not appropriately raised for the first time on appeal. State v. Taylor, 99 Ariz. 85, 407 P.2d 59 (1965).

The defendant in his final point urges that there is insufficient evidence to support a verdict of guilty. A reading of the transcript of record indicates that there is substantial evidence to support the verdict. State v. Ford, 108 Ariz. 404, 499 P. 2d 699 (1972). The victim of the shooting identified defendant as his assailant, and the defendant confessed the shooting. The fact that defendant presented alibi testimony does not destroy the effect of this evidence.

Judgment of conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.