595 P.2d 998

**STATE of Arizona, Appellee,**

v.

**Bruce Duane PORTER, Appellant.**

**No. 4417–PR.**

Supreme Court of Arizona,
In Banc.

May 7, 1979.

Rehearing Denied June 12, 1979.

**454**

Robert K. Corbin, Atty. Gen., John A. LaSota, Jr., Former Atty. Gen., William J. Schafer III, Chief Counsel, Criminal Division, Gregory A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Frank P. Leto, Tucson, for appellant.

GORDON, Justice:

The State of Arizona petitions this Court to review the Court of Appeals' decision in *State v. Porter*, 122 Ariz. 458, 595 P.2d 1003 (App.1978). Taking jurisdiction pursuant to 17A A.R.S. Rules of the Supreme Court, rule 47(b), we vacate the opinion of the Court of Appeals.

Bruce Duane Porter, hereinafter referred to as the defendant was indicted for the crimes of armed robbery and kidnapping for robbery in violation of A.R.S. §§ 13–641, 13–634B, 13–492 and 13–1647. Defendant filed a motion to suppress statements that he made at the scene of the arrest and a taped confession that was given on the following day. The grounds for the motion were that the statements were involuntary and in violation of his *Miranda* rights. Following a hearing, defendant's statements were found to be voluntary, and his motion to suppress was denied. At trial, the court rejected defendant's requested instruction on voluntariness in favor of the state's. However, when instructing the jury, the court failed to give any voluntariness instruction at all. Defendant was convicted as charged.

The Court of Appeals reversed the convictions because of the failure to give a voluntariness instruction. The State of Arizona petitions this Court to review the Court of Appeals' opinion, alleging that (1) The Court of Appeals relied on a case that has been overruled by this Court when it decided that failure to give a voluntariness instruction was fundamental error; (2) any error that occurred was harmless; (3) defendant waived any error because he failed to object; and (4) the trial court properly rejected the defendant's proposed voluntariness instruction. We reject the State of Arizona's allegations and in so doing reverse defendant's convictions and remand for a new trial.

The Court of Appeals cites *State v. Pulliam,* 87 Ariz. 216, 349 P.2d 781 (1960) for the proposition that it is fundamental error for the trial court not to instruct the jury on the manner in which a confession should be considered in its deliberations. The State of Arizona, citing *State v. Cobb,* 115 Ariz. 484, 566 P.2d 285 (1977), claims that this is no longer the law.

In *State v. Pulliam, supra,* the defendant did not request an instruction on voluntariness, and the trial court failed to so instruct. This omission was held to be fundamental error. In *State v. Cobb, supra,* once again the trial court failed to instruct the jury on voluntariness, and the defendant made no request that this be done. This Court held that absent a request by the defendant, failure to give such an instruction was not fundamental error.

> "In the future, due process will be adequately served in Arizona if the trial judge alone determines, before trial, the voluntariness of any admissions or confessions of an accused. However, if the defendant requests the voluntariness question be presented to and decided by the jury as well, the trial court must then give the appropriate instruction." *State v. Cobb,* 115 Ariz. 484, 488, 566 P.2d 285, 289.

In the instant case, the defendant specifically requested an instruction on voluntariness, but none was given. In light of the language in *State v. Cobb, supra,* we reject the state's contention that this was not error.

■ Accordingly, we hold that because the defendant requested that such a determination be made, it was reversible error for the trial court not to submit to the jury, with proper instructions, the issue of voluntariness.

■ The state next contends that any error that resulted from the omission was not prejudicial and, therefore, was harmless. We disagree. The defendant did not allege that he was not guilty. His defense was not guilty by reason of insanity. The state used the defendant's statements to show that he knew the nature and quality of his acts, that he knew the acts were wrong, and that the acts were intentional and deliberate. The jury was not given the opportunity to disregard the confessions as involuntary. The defendant's insanity defense was, therefore jeopardized.

■ We reject the state's contention that the defendant waived his right to assert that the trial court failed to instruct the jury as to voluntariness because he did not object and draw the omission to the court's attention. In the usual case, an objection to the trial court's failure to give an instruction is waived if not brought to the court's attention prior to the time the jury is allowed to retire for deliberations. 17 A.R.S., Rules of Criminal Procedure, rule 21.3.c. It is clear from the record, however, that both the defendant and the state intended that the issue of voluntariness be submitted to the jury. A pretrial voluntariness hearing was held; counsel for the defense made a continuing objection to the use of the confession; both parties submitted voluntariness instructions and; the defendant specifically objected to the court's decision to give the state's voluntariness instruction, in lieu of his own.

The defendant viewed the state's instruction as insufficient because it did not mention his theory that the confession was involuntary because of mental illness. Defendant had properly made a record of his objection and had preserved the error. We do not feel that he lost what he had properly preserved by not informing the court that the inadequate instruction, successfully urged by the state, was not given.

The defendant requested that the following voluntariness instruction be read to the jury:

> "Even though a confession may not have been coerced, if you find from the evidence that a confession was by reason of mental illness, use of drugs, or extreme intoxication not the product of a rational intellect and a free will, the confession should not be considered as having been voluntarily made and you should disregard the confession."

The instruction was refused by the trial court.[1]

In *Gladden v. Unsworth,* 396 F.2d 373 (9th Cir. 1968), the Ninth Circuit stated that it is a deprivation of due process to admit a confession into evidence that is involuntary by reason of mental illness, use of drugs, or extreme intoxication.[2] The Court supported this position by citing several United States Supreme Court cases, which stated that a confession must be a product of a rational intellect and a free will, *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and in fact, voluntarily made. *Ziang Sung Wan v. United States,* 266 U.S. 1, 45 S.Ct. 1, 69 L.Ed. 131 (1924).

Although a defendant's intoxication does not necessarily render his statements involuntary, if he is intoxicated to the extent that he cannot understand the meaning of his statements, his confession is inadmissible. *State v. Arredondo,* 111 Ariz. 141, 526 P.2d 163 (1974); *State v. Clark,* 102 Ariz. 550, 434 P.2d 636 (1967); *State v. Smith,* 12 Ariz.App. 272, 469 P.2d 838 (1970); *State v. Thompson,* 10 Ariz.App. 301, 458 P.2d 395 (1969). Rules governing the admissibility of statements made under the influence of narcotics are substantially the same as rules governing the admissibility of statements made under the influence of liquor. *State v. Brady,* 105 Ariz. 592, 469 P.2d 77 (1970). Moreover, if a defendant is rendered unable to understand the meaning of his statements by some other disability, that statement would also be inadmissible. *See State v. Knapp,* 114 Ariz. 531, 562 P.2d 704 (1977); *State v. Godinez,* 111 Ariz. 397, 531 P.2d 154 (1975).

If a defendant's mental illness rendered him incapable of understanding the meaning of his statements, then the statements themselves would logically be inadmissible under the "other disability" language of *Godinez, supra.* Moreover, there is case law in other jurisdictions that although mental illness will not necessarily preclude the admission of defendant's confession into evidence, the confession may be inadmissible if the defendant's mental illness rendered him unable to understand the meaning of his statements. *See State v. Powers,* 96 Idaho 833, 537 P.2d 1369 (1975); *Criswell v. State,* 86 Nev. 573, 472 P.2d 342 (1970).

The need for an instruction on voluntariness must, however, be supported by substantial evidence. At the motion to suppress hearing, the defendant testified that he had consumed three beers prior to his arrest, smoked a joint of marijuana, and taken Hydahl and Trihex, both of which were prescribed for his nervous condition. At the trial, however, no evidence of the defendant's alcohol consumption was ever presented. The defendant himself did not take the stand, and a passenger in his car testified that she did not see him take a drink, nor did she see any evidence of liquor consumption in the car. Several officers testified that they smelled nothing on the defendant's breath and that the defendant stated he had not been drinking.

There was testimony that the defendant admitted that he was taking medication for a nervous condition and that he had smoked marijuana. There was, however, no evidence that the defendant was intoxicated as a result of these drugs. The robbery/kidnap victim and numerous police officers testified that the defendant seemed coherent and that they noticed nothing unusual about him. The victim did testify that the defendant mumbled, squinted, and looked down a lot. One officer testified that the defendant seemed quite nervous and fidgeted with his clothing. We conclude, however, that neither of these statements amount to evidence of intoxication.

1. The trial court intended instead to give the state's proposed voluntariness instruction:

"You must not consider any statements made by the defendant to a law enforcement officer unless you determine beyond a reasonable doubt that the defendant made the statements voluntarily. The defendant's statement is not voluntary, whenever a law enforcement officer used any sort of violence or threats or any promise of immunity or benefit."

2. The facts of *Gladden v. Unsworth, supra,* however, dealt only with a defendant who was extremely intoxicated.

Therefore, despite medical testimony that the drugs defendant was taking could create the effects of alcohol, a jury instruction on the potential involuntary nature of the confession, because of intoxication from liquor or narcotics, was not merited.

■ Dr. Jacob Hoogerbeets and Dr. Alan Beigel both testified for the defense. Dr. Hoogerbeets diagnosed the defendant as having been chronically psychotic for many years. He defined a psychotic as a person who is not fully in contact with reality in varying degrees. He went on to testify that the nature of the psychosis from which the defendant was suffering was schizophrenia. He defined schizophrenia as a basic disorder of thought processes.

"In other words, the impairment is in associative thinking. Most of us think in a logical associative manner. In schizophrenia that's often lost. You see looseness of associations which really is an example of the disturbed thought processes. They are ambivalent, they have mixed feelings towards things, again indicative of disturbed thinking. They are autistic and they live in their own autistic world which is not congruent with reality."

Dr. Hoogerbeets was of the opinion that the defendant was suffering from this psychosis on the date of the crime. The doctor also concluded, however, that in spite of his psychosis, the defendant was not insane under the M'Naghten test, on the date of the crime.

Dr. Beigel also diagnosed the defendant as schizophrenic. He too concluded, however, that the defendant was not insane under the M'Naghten test, at the time of the crime. Dr. Beigel's medical judgment was that the defendant's acts on the day of the crime were primarily a product of his anti-social personality disorder rather than a product of his schizophrenia. Both medical experts testified, however, that the defendant's acts, on the day of the crime, were to some extent a product of his mental illness.

We find, therefore, that there was testimony at trial concerning the defendant's mental illness from which a jury could conclude that the defendant was incapable of understanding the meaning of his statements.

■ We hold that it was error for the trial court to submit defendant's statements to the jury without a voluntariness instruction when one had been requested. Moreover, it was error for the trial court not to instruct the jury to disregard the defendant's statements if it found that, as a result of his mental illness, the defendant was unable to understand the meaning of his statements. We add, however, that a determination that a defendant's disabilities rendered him incapable of knowingly waiving his *Miranda* rights need not be presented to the jury and is controlled in Arizona by the independent determination of the trial judge.

The judgment and conviction of the trial court are reversed, and the cause is remanded for a new trial. The opinion of the Court of Appeals, Division Two, is vacated.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.