[No. 1635.  Decided February 23, 1895.]

A. FEEK, *Respondent*, v. J. P. BREWER *et al.*, *Appellants*,
SEATTLE SAVINGS BANK *et al.*, *Defendants*.

EXECUTION SALE OF LANDS — SALE IN PARCELS — CONFIRMATION.

Under the statutes of this state, it is within the discretion of the
sheriff, unless otherwise directed by the court making the order of
sale, to sell lands upon execution against a judgment defendant
either in mass or in parcels; and it is the duty of the court to con-
firm such sale when no substantial irregularity, which would cause
probable loss or injury to the defendant, is shown.

*Appeal from Superior Court, King County.*

*Bausman, Kelleher & Emory*, for appellants.

*Stratton, Lewis & Gilman*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent recovered a judgment in
the court below against appellants J. P. and Adora B.
Brewer for the sum of $9,490.42, in an action in which
said appellants and various other parties were defend-
ants; said judgment also decreed the foreclosure and
sale of a mortgage upon some sixty-eight lots in what
is known as the Walla Walla addition to the city of
Seattle.   This appeal is from an order confirming the
sale made by the sheriff pursuant to a special execu-
tion and order of sale based on said judgment.

Respondent having filed his motion in the court
below to confirm said sale, the appellants J. P. Brewer
and the Washington National Bank filed numerous
objections, but the only one relied upon in this court
for a reversal is that the mortgaged premises were not
sold in separate lots and parcels; and affidavits were
submitted for the consideration of the lower court, and

are brought up in the record, for the purpose of showing that had the property been sold by separate lots it would have brought a higher price than it actually did bring, and that the value of the property was greatly in excess of the amount for which it was sold. Said affidavits also show that at the time of sale the appellants demanded of the officer conducting the same that the lots should be sold separately. There were counter affidavits filed upon behalf of the respondent.

It appears from the record that the debt to plaintiff was also secured in part by a pledge of certain chattel securities, and the court by its decree ordered these chattels to be first sold, which was accordingly done. It further appears that one of the defendants, the Seattle Savings Bank, filed an answer in the foreclosure suit, setting up that it had a mortgage subsequent to that of the plaintiff on the same property, with the exception of four lots, and asking that the property not included in the said defendant's mortgage be ordered sold before the remainder of the real estate was offered; and this the lower court in its judgment directed should be done. It also appears that the officer conducting the sale, at the request of third parties claiming a portion of the property, sold the portion so claimed separately. Thereafter, the sheriff exposed and offered for sale in mass all the remaining and separate parcels, consisting of sixty-one lots, embraced in the description of the mortgaged premises, and the amount of property thus offered in lump was bid in by respondent for $9,014. The officer conducting the sale recites in his return that this method of sale was pursued by him "for the reason that he deemed said method most advantageous, and as likely to bring the highest price for said property."

It is undoubtedly the rule, and 'respondent concedes, that in the absence of · a statute regulating the sale of real estate ·on execution, it is the duty of the officer, when the land consists of parcels, to offer the parcels separately; and numerous authorities are cited by counsel for the appellants in support of this and kindred propositions. The respondent, however, relies upon the statute, and insists that it does not affirmatively appear in this case that any actual injury has been sustained by appellants by reason of the course adopted and pursued by this officer in making the sale in question.

Sec. 501, Code Proc., provides, among other things:

" When the sale is of real property, and consisting of several known lots or parcels, they shall be sold separately or otherwise, as is likely to bring the highest price; or, when a portion of such real property is claimed by a third person, and he requires it to be sold separately, such portion shall be sold separately."

And § 504 provides that the sheriff shall "offer the land for sale, the lots and parcels *separately or together, as he shall deem most advantageous.*" And upon the return of such sale of real estate ·it is provided, by § 508, that the plaintiff shall be entitled, on motion therefor, to have an order confirming the sale "unless the judgment debtor . . . shall file with the clerk . . . his objections thereto." And "if such objections be filed, the court shall, notwithstanding, allow the order confirming the sale, *unless on the hearing of the motion it shall satisfactorily appear that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting*."

In this case the appellants were parties to the original action; they were present in court by counsel when

the judgment and order of sale was made up; they were, as matter of law, bound to know that the statute conferred a discretionary power upon the officer making the sale to sell "separately, or as is likely to bring the highest price," and although the court did make specific directions (presumably at the instance of interested parties) that certain portions of the mortgaged premises should be sold separately, the appellants, so far as shown by the record, neither requested any further directions to the officer concerning the mode, nor objected in any manner to the order of sale. It is the duty of the court, under § 508, to confirm the sale, and it is the right of the plaintiff to have the same confirmed, unless it is then shown that there were "substantial irregularities in the proceedings concerning the sale."

So far as the record in this case discloses, every step required by law was taken by the officer in making the sale; his return was made in accordance with the statute, and within the powers conferred by it upon him; and we are unable to find that any irregularities, "substantial" or otherwise, occurred in the proceedings concerning the sale, or that the officer abused the discretion confided to him by the statute, or that any substantial injury was done to appellants in the course of the proceedings.

We are unable to commend the conduct of appellant's counsel in informing "persons about to bid on lots he would protest against the sale and would contest the confirmation of any such sale," as stated by him in his affidavit. Such conduct was not calculated to inspire confidence in bidders nor enhance the amount of their bids. And if we were able to conclude said property that if the land was not sold in separate from the affidavits that the sum realized on the sale

was less than the fair value of the property sold, we would be disposed rather to attribute such result to the conduct of counsel, than to the manner in which the officer conducting the sale exercised his discretion.

The order appealed from is affirmed.

HOYT, C. J., and SCOTT and ANDERS, JJ., concur.

DUNBAR, J., concurs in the result.