· [Nos. 378-41418-1,   Division One—Panel 2.   November 16, 1970.]
41419-1.

INVESTMENT EXCHANGE CORPORATION, *Respondent,* v. MAGNUM T., INC. OF WASHINGTON *et al., Defendants,* HORACE H. DAVIS, *Appellant.*

SEATTLE TRUST & SAVINGS BANK, *Respondent,* v. MAGNUM TRUSTS, INC., *et al., Defendants,* HORACE H. DAVIS, *Appellant.*

*Davis & Roetcisoender* and *Horace H. Davis,* for appellant.

*Kumbera & O'Rourke* and *John C. O'Rourke,* for respondent.

UTTER, J.—Investment Exchange, Inc., respondent, is a judgment creditor of Magnum T., Inc., of Washington, holding judgments against them in the amount of $207,014.42. Investment Exchange levied execution upon 10 noncontiguous parcels of land owned by Magnum T. and advertised as parcels A to J inclusive. Appellant is a lienor of Magnum T., Inc. as to parcel J. The 10 parcels were sold en masse at a sheriff's sale for a lump sum bid of $166,000, leaving a deficiency judgment of $41,014.42.

Appellant was not present at the sheriff's sale and failed to request a segregation of parcels pursuant to RCW 6.24.020 or a continuance of sale pursuant to RCW 6.24.040. His objections to the sale were raised when the sale came on the superior court calendar for confirmation, pursuant to statute. At that time, the court entered an order confirming the sale of all parcels except parcel J.

The sole assignment of error is that the court erred in confirming the sale en masse of parcels A through I. Appellant urges the sale was invalid due to his lack of personal notice and further that the sale is defective inasmuch as the parcels were not sold properly. We hold the trial court acted properly in confirming the sale.

■ Notice was given by the sheriff by posting and publication, pursuant to the statutory provisions. Notice by posting and publication is not, per se, violative of constitutional requirements. Posting and publication may not, however, be adequate in all circumstances. In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950), the court held if feasible, notice, reasonably calculated to inform parties of proceedings which may directly or adversely affect their legally protected interest, must be given. The court, in so holding, rejected the traditional distinctions between requirements in in rem and in personam actions. *Mullane* does not set an absolute standard and recognizes that the kind of notice required will vary with the circumstances and that in some cases, it might not be possible to give personal notice, for example, where people are missing or unknown.[1] This question is not before us inasmuch as the record on appeal fails to indicate whether or not appellant was aware of the proceedings, whether he was known by authorities preparing the notice to have an interest in the property, and whether a search of county records would have revealed his interest.

---

[1]*Pratt v. Water Dist. 79*, 58 Wn.2d 420, 363 P.2d 816 (1961); *New York Merchandise Co. v. Stout*, 43 Wn.2d 825, 264 P.2d 863 (1953).

■ The attack of appellant on RCW 6.24.020 and RCW 6.24.060 and his claim he was deprived of his property without due process of law is limited to his contention that these statutes, by providing the sheriff discretion, without judicial determination, to sell parcels, either separately or en masse, violates his constitutional rights. The burden of proof rests on the party attempting to impeach the execution sale and not on the purchaser. 30 Am. Jur. 2d *Executions* § 312 (1967). Appellant cites authority indicating it is preferable for real property to be sold in parcels rather than en masse. 30 Am. Jur. 2d *Executions* § 344 (1967). No authority is cited, however, to support the contention that the allowance of discretion to the sheriff to sell the parcels en masse rather than separately is unconstitutional and we decline to so hold. *DeHeer v. Seattle Post-Intelligencer,* 60 Wn.2d 122, 372 P.2d 193 (1962).

The record before the court on appeal contains no evidence from which the court could determine the potential sales price of the parcels if sold individually with the sale price when they were sold en masse. There is, therefore, no showing of substantial irregularity in the proceedings concerning the sale itself which would cause probable loss or injury to the defendant. Under these circumstances, the action of the sheriff was proper and no rights of the appellant were violated. *Feek v. Brewer,* 11 Wash. 264, 39 P. 655 (1895).

The judgment of the trial court is affirmed.

JAMES, C. J., and WILLIAMS, J., concur.

Petition for rehearing denied December 18, 1970.

Review denied by Supreme Court January 19, 1971.