362

[No. 427-41433-1.    Division One—Panel 1.    March 1, 1971.]

Y. S. PACK et al., *Respondents*, v. FREDA NIELSEN, *Appellant*.

*Clarence L. Gere,* for appellant.

*J. Carroll Schueller,* for respondents.

UTTER, J.—An appeal is taken from the action of the superior court denying a motion to vacate a judgment and an order entered subsequent to judgment approving the action of a commissioner appointed to sell three parcels of property, which were the subject of the judgment. These parcels were authorized by the court to be sold en masse rather than individually.

The ground alleged for vacation of the judgment was that of fraud practiced by the successful party in obtaining the judgment. The trial was a complex action involving an accounting and dissolution of a partnership, rife with allegations and counter-allegations of fraud and improper conduct. The alleged fraud is apparently in the nature of perjured testimony which would not in and of itself appear to warrant the vacation of a judgment. *Doss v. Schuller,* 47 Wn.2d 520, 288 P.2d 475 (1956). The granting or denial of this motion was within the discretion of the trial court. There is, in addition, no record before us

of the testimony introduced at trial, and we are in no position to hold there was an abuse of discretion. *Yeck v. Department of Labor & Indus.*, 27 Wn.2d 92, 176 P.2d 359 (1947); *McCord v. McCord*, 24 Wash. 529, 64 P. 748 (1901).

■ Assuming, without deciding, the order approving the sale of the parcels is appealable, authority exists which indicates a preference for real property to be sold in parcels rather than en masse; however, the determination is one involving discretion and there is no absolute rule. *Investment Exch. Corp. v. Magnum T., Inc.*, 3 Wn. App. 612, 614, 476 P.2d 731 (1970). We find no abuse of discretion and the judgment of the trial court is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.

Petition for rehearing denied March 25, 1971.

Review denied by Supreme Court May 6, 1971.