IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOSEPH GAVIN MORGAN, an individual, | No. 86627-3-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| PIERCE COUNTY, a governmental entity of Pierce County, State of Washington, and PIERCE COUNTY SHERIFF'S DEPARTMENT, a governmental entity of Pierce County, State of Washington, | |
| Respondents. | |

HAZELRIGG, A.C.J. — Joseph Morgan appeals a trial court order dismissing his complaint for negligence against Pierce County and the Pierce County Sheriff's Department under CR 12(b)(6). We hold that the trial court erred when it considered Morgan's motion under CR 12(b)(6) instead of converting it to summary judgment under CR 56 because the motion was based on materials outside the scope of Morgan's complaint. But, because we conclude that the public duty doctrine bars Morgan's negligence claim, we affirm.

FACTS

In 2016, Joseph Morgan obtained a Federal Housing Administration 203(k) loan from Broker Solutions, Inc. in the amount of $172,757.00 for the purpose of purchasing and rehabilitating real property located in Tacoma. Morgan signed a deed of trust

incorporating the rehabilitation agreement to secure payment of the principal sum and interest.

Morgan failed to timely perform the rehabilitation work, thereby breaching the agreement and triggering a default.[1] On February 6, 2020, a judgment and decree of foreclosure was entered in favor of Broker Solutions. An order authorizing sale of the property was entered on February 26, 2020.

On May 1, 2020, the Pierce County Sheriff's Department (PCSD) conducted a sale of the property. The PCSD announcement of sale specified that the "successful bidder will be allowed until 2:00 [p.m.]" the day of the sale to present cash or cashier's check in the full amount of the bid. Handwritten notations on the announcement of sale, which Morgan obtained via a public records request, indicate that the property attracted seven bids. PCSD Deputy Christine Eaves originally offered the property to the highest bidder, Vestus, LLC, for the amount of $237,100. Vestus failed to tender payment by the 2:00 p.m. deadline. At 2:04 p.m., Eaves offered second place bidder Catamount Properties an opportunity to tender a bid by the 4:00 p.m. conclusion of the sale, but it did not respond.[2] At the conclusion of the auction, the property was sold to judgment creditor Broker Solutions for $126,714.86, the amount owing on the judgment. All of the other bids on the property were higher than the accepted bid.

The sheriff filed the return of sale on May 11, 2020. The superior court issued an order confirming sale on June 1, 2020. Morgan did not raise any claim of irregularity in

---

[1] *See Broker Sols., Inc. v. Morgan,* Pierce County Superior Court Cause No. 17-2-12071-1.
[2] *See* RCW 6.21.050(1) ("All sales of property under execution, order of sale, or decree, shall be made by auction between nine o'clock in the morning and four o'clock in the afternoon.").

the sale of the property prior to the court's order confirming sale and did not appeal the order confirming sale in the judicial foreclosure action.

On June 27, 2023, Morgan brought suit against Pierce County and the PCSD (collectively, the County). The complaint alleged that the County breached its duty to Morgan to sell the property to the highest bidder. The County moved to dismiss Morgan's complaint under CR 12(b)(6), arguing that he failed to state a claim upon which relief may be granted. Specifically, the County argued that Morgan's negligence claim was barred by the public duty doctrine and that the PCSD is not an entity capable of being sued. On July 28, 2023, the trial court entered an order granting the County's motion to dismiss pursuant to CR 12(b)(6).

Morgan timely appealed.

ANALYSIS

I.      Standard of Review

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." CR 12(b)(6). "A CR 12(b)(6) motion may be granted only where there is not only an absence of facts set out in the complaint to support a claim of relief, but there is no hypothetical set of facts that could conceivably be raised by the complaint to support a legally sufficient claim." *Worthington v. Westnet*, 182 Wn.2d 500, 505, 341 P.3d 995 (2015).

Generally, if materials outside the pleading are considered, a CR 12(b)(6) motion is treated as motion for summary judgment under CR 56. CR 12(b)(7); *see also Wash. State Hum. Rts. Comm'n v. Hous. Auth.*, 21 Wn. App. 2d 978, 983, 509 P.3d 319 (2022) (explaining dynamics of CR 12(b)(6) and (7)). However, the trial court may take judicial

notice of public documents if their authenticity cannot reasonably be contested, and the court may also consider documents whose contents are alleged in a complaint but not physically attached to the pleadings. *Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709, 725-26, 189 P.3d 168 (2008).

Neither party argues that the CR 56 standard should have been applied. But, the County supported its motion to dismiss with materials outside the pleading, including the sheriff's return on writ of execution, motion and declaration for order confirming sale, and order confirming sale of real property. Additionally, at oral argument on the motion to dismiss, Morgan submitted for the court's consideration his counsel's declaration and attached exhibits, including the annotated sheriff's announcement of sale and sheriff's certificate of sale. The court responded that it was "kind of confined" as to what it could consider in a motion to dismiss under CR 12(b)(6). Nevertheless, the trial court's order of dismissal stated that it "considered all materials submitted in support of and in opposition to the motion for dismissal," including the aforementioned documents.[3] Under the plain language of CR 12(b), this necessarily converted the trial court's decision to one for summary judgment, which requires a different standard of review in the trial court and on appeal.

We review orders on summary judgment de novo. *City of Sequim v. Malkasian*, 157 Wn.2d 251, 261, 138 P.3d 943 (2006). Further, we consider "the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party." *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment

---

[3] The court's order specified that it considered the following: (1) "Defendants' Motion to Dismiss Pursuant to CR 12(b)(6);" (2) "Response to Defendants' Motion to Dismiss;" (3) "Declaration of Pierre E. Acebedo in Response to Motion to Dismiss;" (4) "Defendants' Reply on Their Motion to Dismiss Pursuant to CR 12(b)(6)."

is appropriate if the pleadings, affidavits, and depositions show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Martin v. Gonzaga Univ.*, 191 Wn.2d 712, 722, 425 P.3d 837 (2018); CR 56(c). While the nonmoving party in summary judgment proceedings is entitled to all reasonable inferences in their favor, this is not as deferential a standard as that applied to dispositive motions under CR 12(b)(6) which requires that we consider even hypothetical facts that may support the claim. However, under either standard, dismissal of Morgan's suit against the County was proper because of the public duty doctrine.

II.      Public Duty Doctrine

Morgan's claim against the County is for negligence arising from its alleged failure to sell the property to the highest bidder without reason or explanation.[4] The County contends that the trial court properly dismissed Morgan's complaint because it owed him no duty under the public duty doctrine. We agree with the County.

Municipal corporations are liable for damages arising out of their tortious conduct, or the tortious conduct of their employees, to the same extent as if they were a private person or corporation. RCW 4.96.010(1). In a negligence action, the threshold determination is whether a duty of care is owed to the plaintiff. *Cummins v. Lewis County*, 156 Wn.2d 844, 852, 133 P.3d 458 (2006). "When the defendant in a negligence action is a governmental entity, the public duty doctrine provides that a plaintiff must show the duty breached was owed to [them] in particular, and was not the breach of an obligation owed to the public in general, i.e., a duty owed to all is a duty owed to none." *Munich v.*

---

[4] Morgan also asserts in his brief that the County violated RCW 6.21.100(2) by failing to list the bids on the sheriff's certification of sale. But Morgan did not plead this claim in his complaint.

*Skagit Emergency Commc'n Ctr.*, 175 Wn.2d 871, 878, 288 P.3d 328 (2012). "The public duty doctrine is a focusing tool used to determine whether the defendant owed a duty to the public or a particular individual." *Fabre v. Town of Ruston*, 180 Wn. App. 150, 159, 321 P.3d 1208 (2014). If the public duty doctrine applies, the government owes no duty to the allegedly injured plaintiff. *Oliver v. Cook*, 194 Wn. App. 532, 539, 377 P.3d 265 (2016).

Common law establishes "four exceptions to the public duty doctrine that provide for liability even in the face of otherwise public duties." *Beltran-Serrano v. City of Tacoma*, 193 Wn.2d 537, 549, 442 P.3d 608 (2019). The exceptions are "(1) legislative intent, (2) failure to enforce, (3) the rescue doctrine, and (4) a special relationship." *Id.* at 549 n.7. "If an exception to the public duty doctrine applies, then the State owes a specific duty to the plaintiff, the breach of which is actionable." *Donohoe v. State*, 135 Wn. App. 824, 834, 142 P.3d 654 (2006).

A.      Legislative Intent Exception

Morgan argues that the County owed him a duty of care under the legislative intent exception, which applies "when the terms of a legislative enactment evidence an intent to identify and protect a particular and circumscribed class of persons." *Bailey v. Town of Forks*, 108 Wn.2d 262, 268, 737 P.2d 1257 (1987). "[T]his intent must be clearly expressed within the provision—it will not be implied." *Ravenscroft v. Wash. Water Power Co.*, 136 Wn.2d 911, 930, 969 P.2d 75 (1998).

The statutory requirements to execute on real property are set forth in chapter 6.21 RCW. At the time of the sale at issue in this case, former RCW 6.21.100 (1987) outlined the process for conducting an execution sale of real property as follows:

(1) The officer shall strike off the land to the highest bidder, who shall forthwith pay the money bid to the officer, who shall return the money with the execution and the report of proceedings on the execution to the clerk of the court from which the execution issued: PROVIDED, HOWEVER, That when final judgment shall have been entered in the supreme court or the court of appeals and the execution upon which sale has been made issued from said court, the return shall be made to the superior court in which the action was originally commenced, and the same proceedings shall be had as though execution had issued from that superior court.

(2) At the time of the sale, the sheriff shall prepare a certificate of the sale, containing a particular description of the property sold, the price bid for each distinct lot or parcel, and the whole price paid; and when subject to redemption, it shall be so stated. The matters contained in such certificate shall be substantially stated in the sheriff's return of proceedings upon the writ. Upon receipt of the purchase price, the sheriff shall give a copy of the certificate to the purchaser and the original certificate to the clerk of the court with the return on the execution to hold for delivery to the purchaser upon confirmation of the sale.

Contrary to Morgan's claim, nothing in this statute, or in ch. 6.21 RCW broadly, evinces an intent to create a special duty exclusively for judgment debtors. Rather, the statute establishes a process for the sheriff, as a neutral third party in a judicial foreclosure action, to conduct the sale pursuant to the underlying judgment. *See Williams v. Cont'l Sec. Corp.*, 22 Wn.2d 1, 11, 153 P.2d 847 (1944) (explaining officer conducting sale "has duties to perform to the complainant, the vendor, to the purchaser and to the court"). Indeed, Morgan acknowledges in his opening brief that the legislative intent of RCW 6.21.100 "is to ensure a fair and equitable process for the debtor such that they (*and any creditors owed funds*) receive the highest bid for the property." (Emphasis added.) Because the purpose of the statute is to protect more than just the judgment debtor through a fair process, the legislative intent exception does not apply.

B.      Failure to Enforce Exception

Morgan also argues that the County owed him a duty of care under the failure to enforce exception, which applies where "(1) the official has a duty to enforce a statute, (2) the official has actual knowledge of a statutory violation, (3) the official fails to correct the violation, and (4) the plaintiff is within the class the statute protects." *Smith v. City of Kelso*, 112 Wn. App. 277, 282, 48 P.3d 372 (2002). We construe this exception narrowly. *Gorman v. Pierce County*, 176 Wn. App. 63, 77, 307 P.3d 795 (2013). The failure to enforce exception applies only where there is a mandatory duty to take a specific action to correct a known statutory violation. *Halleran v. Nu W., Inc.*, 123 Wn. App. 701, 714, 98 P.3d 52 (2004). If the government has broad discretion regarding whether or how to act, this exception does not apply. *Pierce v. Yakima County*, 161 Wn. App. 791, 799, 251 P.3d 270 (2011). The plaintiff has the burden to establish each element of the failure to enforce exception. *Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 531, 799 P.2d 250 (1990).

Morgan argues that this exception applies because the County failed to meet its statutory duty to sell the property to the highest bidder. However, it is well established that the sheriff is invested with discretion in conducting execution sales. *See, e.g., Williams*, 22 Wn.2d at 11; *Inv. Exch. Corp. v. Magnum T., Inc.*, 3 Wn. App. 612, 614, 476 P.2d 731 (1970); *Pack v. Nielsen*, 4 Wn. App. 362, 363, 481 P.2d 465 (1971); 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: TRANSACTIONS § 19.12, at 384-87 (2d ed. 2004). The record shows that the sheriff offered the property to the high bidder and the second highest bidder, both of whom failed to pay by the time required in the announcement of sale. At the conclusion of the sale, the sheriff sold the

property to the judgment creditor for the amount of the judgment. Morgan asserts that the sheriff should have conducted a new sale, but nothing in the statute compelled the sheriff, or the deputy acting on his behalf, to do so. And, as discussed in Part II.A *supra*, the statute does not specially protect judgment debtors. The failure to enforce exception does not apply.[5]

III. Attorney Fees and Costs

Citing only RAP 18.1, both Morgan and the County request an award of attorney fees on appeal. RAP 18.1(a) authorizes a party to recover reasonable attorney fees and expenses so long as the party "request[s] the fees or expenses" and "applicable law grants to [the] party the right to recover." But this rule "requires more than a bald request for attorney fees on appeal." *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, n.4, 952 P.2d 590 (1998). "Argument and citation to authority are required under the rule to advise us of the appropriate grounds for an award of attorney fees as costs." *Id.* Here, neither party cites any specific statute or case that entitles them to attorney fees on appeal, so the requests must be denied.

---

[5] Morgan also argues dismissal of his case was improper because he was deprived of an opportunity to challenge irregularities in the sale because he did not receive notice of the judgment creditor's intent to move to confirm the sale. However, RCW 6.21.110(1)(b) only directs the clerk of the court to mail notice of confirmation "to all parties who have entered a written notice of appearance in the action *and who have not had an order of default entered against them*." (Emphasis added.) RCW 6.21.110(2) contains an identical limitation, explaining that the "judgment creditor or successful purchase at the sheriff's sale is entitled to an order confirming the sale at any time after [20] days have elapsed from the mailing of the notice of the sheriff's return, on motion with notice given to all parties who have entered a written notice of appearance in the action *and who have not had an order of default entered against them*." (Emphasis added.)

While the February 6, 2020 judgment and degree of foreclosure based on Morgan's default is not in the record on appeal, the parties agree to the fact of this determination by the trial court and rely on it in their various pleadings which have been transmitted to this court. Because the property was foreclosed and sold due to Morgan's default, he was not entitled to notice of the confirmation of sale under the statute.

Both parties also request an award of costs under RAP 14.2. Generally, the party that substantially prevails on review will be awarded appellate costs, unless the court directs otherwise in its decision. RAP 14.2; *Doe v. Benton County*, 200 Wn. App. 781, 793, 403 P.3d 861 (2017). Because the County is the substantially prevailing party on review, we award its appellate costs under RAP 14.2 subject to compliance with the procedural requirements under the RAPs.

Affirmed.

WE CONCUR: